## *In re* HARMON.

*(Circuit Court, N. D. Mississippi, W. D.   August 6, 1890.)*

INTOXICATING LIQUORS—ILLEGAL SALE—ORIGINAL PACKAGE—CONSTITUTIONAL LAW.
   Where bottles of whisky, each sealed up in a paper wrapper and closely packed together in uncovered wooden boxes furnished by an express company, and marked, "To be returned," are shipped from one state to another, the boxes, and not the bottles, constitute the "original packages" within the meaning of decisions of the supreme court upon the interstate commerce provision of the national constitution.

At Law.   Petition for *habeas corpus.*
*W. Miller* and *Sullivan & Whitfield,* for relator.
*Echols & Smith,* for the State.

HILL, J.   The questions to be decided in this cause arise out of the following facts:   The town of Sardis is situated in Panola county, Miss. In pursuance of an act of the legislature of the state of Mississippi, a vote was taken at an election for the purpose, and a majority of the voters in the county voted to prohibit the sale of spirituous liquors in the county, so that it became what is called a "prohibition" county.   The relator, acting as the agent of one Jordan, a citizen of Memphis, Tenn., received from Jordan, shipped by the Mississippi & Tennessee Railroad, or rather the express company on said road, a number of boxes containing bottles or flasks of whisky, some containing a pint each, and others a quart.   These bottles or flasks had each a paper wrapper or box placed around it, and sealed with mucilage or sealing-wax.   These bottles, so wrapped or inclosed, were by Jordan placed in ordinary pine boxes, but without a cover, closely packed together, which boxes, the relator and Jordan testify, were furnished by the express company, with a promise to return them when emptied.   These boxes were received by the relator in Sardis, and the boxes and flasks taken out when sold and delivered to the purchasers, but were kept in the box until all were sold and delivered.   The boxes had marked on them, "To be returned."   Relator continued to receive and sell these bottles filled with whisky until the 25th day of July, 1890, when he was arraigned before J. D. Hightower, mayor and *ex officio* justice of the peace for Sardis and the county of Panola, acting as a justice of the peace for Panola county, charged upon a warrant issued by said mayor and justice of the peace, founded upon the affidavit of C. W. Fulmer, marshal of said town, with having violated the laws of the state by making in said town sales of whisky to three different persons.   To this charge the defendant

in that case and relator in this pleaded not guilty. The sales were proven, and the defendant offered no proof and set up no defense. The mayor and justice rendered judgment against him, and imposed upon him a fine of $50 and costs for each sale, and that he be imprisoned in the jail of said county until the said fines and costs should be paid; and that in addition thereto he should be imprisoned in said jail for 60 days as part of the penalty for said violations of the law of the state, and which imprisonment was immediately imposed. The relator, being so imprisoned and deprived of his personal liberty, presented to this court his petition, alleging that he was unlawfully deprived of his personal liberty, reciting the proceedings mentioned, and admitting that he made the sales, and the proceedings had, but alleging that he had made no other sales of whisky other than that shipped to him as the agent of Jordan, and that all of said sales were made of original and unbroken packages, and alleging that said sales were authorized under the constitution and laws of the United States, and praying this court to grant him a writ of *habeas corpus*, and for his release. The petition set forth sufficient causes for the issuance of the writ, which having been executed, the sheriff made his return, with the causes for the imprisonment of the relator, which not being controverted, the burden is cast upon the relator to show that he was authorized, under the constitution and laws of the United States, to make the sales for which he was so convicted and imprisoned, and which presents the single point as to whether or not the whisky so shipped and sold in the boxes described constituted one package as put up and shipped, or was each bottle or flask a separate package, and the shipping and sale protected by the constitution and laws of the United States from the penalties imposed by the laws of the state. In other words, was the whisky contained in the box, though in different bottles and flasks, one package? The question has been strongly presented by counsel on both sides, and it is urged on the part of the relator that the fact that paper wrappers sealed up around each bottle made a separate package, and that, as the express company furnished the pine boxes to be returned, they had no other effect. I am satisfied that these were mere subterfuges, resorted to by Jordan and the relator to avoid the penalties of the state law, and that it made no difference whether there were paper boxes around each bottle or not; if each was a separate package within the provisions of the constitution of the United States, as construed by the supreme court of the United States, with the box or wrapper, it was equally so without it. Nor does it make any difference to whom the boxes belonged. These bottles were closely packed together in the boxes by Jordan, the shipper, and in that form shipped to Sardis, and in that way they were kept by relator until sold and taken out, one bottle at a time. It was, in other words, a retail saloon. I am satisfied that the whisky in the box, although in separate bottles, for the convenience of the trade in this retail saloon, was but one package within the meaning of the interstate clause of the constitution as construed by the supreme court, and might have been sold together in one sale without breaking the package, and, if this had

been done, the relator would have been protected in making the sale, and entitled to his release; but this was not done, and he is not entitled to the protection and release as asked of this court. The sale was made in violation of the laws of the state, and the conviction and judgment of the mayor and justice were justified under the law and testimony. Indeed, that court, as the case was presented to it, could not consistently have rendered any other, the defense here not having been presented to that court.

It may be a question of doubt whether, under these circumstances, this court ought to interfere for this reason alone. In reaching the above conclusion I do not decide that a single bottle of whisky may not be shipped and sold by itself alone as a single and unbroken package, within the protection of the constitution of the United States, under the interstate commerce clause; but it must be shipped alone, and sold as shipped. I am not aware that any court has held otherwise. All the cases brought to my attention in which the facts were set out are cases of the exportation of whisky from one state to another. The exportation was made by the manufacturer, and the packages were put up and stamped as required by the revenue laws of the United States; so that these were original packages. There is no evidence in this case that Jordan manufactured the whisky, or that he had any stamps upon the bottles; so that the facts in this case are different from any of the decided cases, so far as I have been able to ascertain. Judges of respectability have held that to relieve the importer and vendor from the penalties of the laws of the state the package, as an original and unbroken one, must be that put up by the manufacturer or rectifier. I am inclined to the opinion that this position is correct, and, if so, the relator for this, if no other, reason, cannot be discharged. The result is that the release prayed for must be refused, and the relator returned to the custody of the sheriff of Panola county, and that he pay the costs of this proceeding, to be taxed.