## COMMONWEALTH v. WILLIAM BISHMAN.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF WASHINGTON COUNTY.

Argued October 22, 1890—Decided January 5, 1891.

A defendant, indicted for selling liquor without license, and justifying sales of liquor, made by him prior to August 8, 1890, upon the ground that such sales were made for an importer in the original packages of commerce, it was proper, under the evidence, to submit the question of the bona fides of the agency to the jury: Commonwealth v. Zelt, ante, 615 ; Commonwealth v. Swihart, ante 629, and Commonwealth v. Pendergast, ante 633 ; followed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Statement of Facts.

No. 192 October Term 1890, Sup. Ct.; court below, No. 50 August Term 1890, Q. S.

On August 22, 1890, the grand jury returned as a true bill an indictment charging William Bishman with the sale of liquors without license. The defendant pleaded not guilty.

At the trial on August 27, 1890, the following facts were shown : The defendant, who was a tinner, doing business as such in the borough of Washington, and Thomas Carson, of the same place, made an arrangement between them, sometime in July, 1890, to procure an appointment as agents of some liquor dealer in another state, for the sale of liquors at Washington "in the original package," and to share in the profits of such agency business. They went together to Wheeling, West Va., where an arrangement was made with P. Welty & Co., liquor dealers of that city ; but, as Welty & Co. required a bond to secure the conduct of the business in a legitimate way, without making sales to men of known intemperate habits or minors, etc., Bishman dropped out of the agency, and became Carson's surety in such a bond. P. Welty & Co. then gave Carson a written power of attorney, constituting him their agent for the purpose aforesaid, but, by an arrangement between Carson and Bishman, the latter, although not joined with Carson in the agency, was to have an interest in the profits as a silent partner, and was to assist in the sales. The arrangement with Welty & Co. was that the agent's compensation should be by a commission of from 34 to 36 per cent upon the receipts, out of which commission the expenses should be paid, Welty & Co. assuming no liability for rent or expenses.

An application for a United States internal revenue license was made in the name of P. Welty & Co., and such license was procured at Pittsburgh, Carson and Bishman paying for it. Thereupon an establishment for the sale of liquors was opened up in the tin shop of Bishman. The liquors were shipped to Washington, consigned to Thomas Carson, agent. They were put up in pint and quart bottles, each bottle being placed in a pasteboard box, sealed up with a slip of paper pasted over the lid of the box and running down on each side of it. On the sides of the pasteboard boxes were stamped the words, " P.

Charge of Court below.

Welty & Co., Wheeling, W. Va." After being thus put up, the bottles were packed for shipment in large wooden boxes and barrels, the latter being headed up and the former covered with a lid fastened with nails. Upon receiving the cases of liquor at Washington, they were taken by the defendants to the shop of Bishman, where they were opened, and the bottles taken out and sold separately, without breaking or opening the pasteboard boxes in which they were enclosed. Some of the sales were shown to have been made by the defendant personally.

At the close of the testimony, the court, McILVAINE, P. J., instructed the jury in substance that if the sales were made by the defendant under a bona fide agency for P. Welty & Co., who sent the liquor into this state as an import, and it was sold while still their liquor, in the original packages as it was imported into the state, the act of May 13, 1887, P. L. 108, would be inoperative as to the defendant. The charge then continued in part as follows:

The question, then, before you becomes really a question of fact, rather than a question of law. [The commonwealth claims that this agency that has been set up here by this defendant, in himself and in Carson, is not a bona fide agency, and that the goods sold were not bona fide imported goods of P. Welty & Co., but that this agency was a sham and cover for the purpose of evading the Brooks law, and it was not a bona fide exercise of the right guaranteed to P. Welty & Co., non-residents of this state, in selling imported liquors; that is, they claim the agency has not been satisfactorily proven. The next claim is, that there has not been a sale of these imported liquors in the original packages, as required by the law; that there has been a breakage of bulk here, and that these liquors were not sold as original packages. Now, gentlemen, as I have already remarked, these are questions of fact for you.] [2] . . . .

Then, if you are satisfied these sales were made, and this defendant had no license from this court under the Brooks law, the next question that arises is, is the defence that he sets up here a bona fide defence, and has it been made out to your satisfaction; or, has he made such a case as to throw doubt upon the commonwealth's prima facie case? because the burden is upon the commonwealth at all times to prove its case beyond a reasonable doubt. . . . .

VOL. CXXXVIII—41

—The jury having found the defendant guilty as indicted, the court sentenced him, inter alia, to imprisonment in the Allegheny county workhouse for four months;[1] whereupon, having obtained a special allowance, the defendant took this appeal, assigning for error:

1. The sentence to imprisonment in the workhouse.[1]

2. The part of the charge embraced in [ ][2]

*Mr. J. M. Braden,* (with him *Mr. C. S. Fetterman*), for the appellant.

*Mr. W. S. Parker,* District Attorney, for the commonwealth.

PER CURIAM:

This case is ruled by Commonwealth v. Zelt, ante, 615, and Commonwealth v. Swihart, ante, 629, and Commonwealth v. Pendergast, ante, 633, decided at this term. We desire to say, however, that there was abundance in the record to justify the court below in submitting to the jury the question of the bona fides of defendant's agency, and the jury in coming to the conclusion that the whole matter was a scheme to evade our license laws. The defendant was engaged in selling liquor at retail, and his claim that he was selling only by " original packages " was little better than a burlesque.

The judgment is affirmed; and it is now ordered that the defendant surrender himself forthwith to the custody of the high sheriff of Washington county, for confinement according to the sentence of the court below.