THE STATE OF IOWA, Appellee, v. JOHN M. COONAN, Appellant.

Intoxicating Liquors: ORIGINAL PACKAGE HOUSE: NUISANCE. The defendant, as agent for parties residing in Wisconsin, received from the latter at the town of Spencer, in this state, consignments of intoxicating liquors, which had been put up in bottles, sealed, labeled and packed in boxes or barrels, for convenience of shipment, in Wisconsin. The liquors thus received were removed from the boxes or barrels, and were kept for sale and sold by the defendant in said town, in the sealed bottles, which were not permitted to be opened upon the premises. *Held,* that such sales were by original packages, and, being made prior to the enactment of the act of August 8, 1890, the Fifty-first Congress, 26 St. 313, were not illegal under the provisions of chapter 143 of the Acts of the Twentieth General Assembly.

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

WEDNESDAY, MAY 13, 1891.

THIS is an action in equity to enjoin the defendant from maintaining a nuisance by keeping intoxicating liquors for sale contrary to law. Notice was given of the application for an injunction, and a hearing was had, and a temporary injunction was granted. The defendant appeals.—*Reversed.*

*B. E. Kelley,* for appellant.

No appearance for appellee.

ROTHROCK, J.—The defendant was the keeper of what was known as an "original package house," at Spencer, in Clay county. He was not the owner of the packages of liquor which he kept for sale, but was the agent of certain parties in Milwaukee, Wisconsin. These parties were lessees of the building, and the same was occupied by the defendant as their agent. They

shipped the liquors kept for sale in said building from Milwaukee to Spencer, Iowa, consigned to themselves; and the defendant received them as the agent of said Milwaukee parties. The beer which was kept for sale was put up in bottles at Milwaukee, sealed and labeled, and for convenience of shipment was placed in open frame boxes with twenty-four separate compartments. The whiskey was in bottles, sealed and labeled, which bottles were, for convenience of shipment, packed in barrels. The defendant removed the bottles from the boxes and barrels, and sold them as they were sealed and labeled, and purchasers were not permitted to open the bottles and use the liquor upon the premises. As we understand it this was strictly an original package establishment, and was authorized by the decision of the supreme court of the United States in *Leisy v. Hardin*, 135 U. S. 100; 10 Sup. Ct. Rep. 681. That the separate bottles were original packages—that is, in the form in which they were put up by the shipper for sale—we think there can be no doubt. At least such has been the holding of this court. *Collins v. Hills*, 77 Iowa, 181; *In re Beine*, 42 Fed. Rep. 545.

It is proper to observe that the case at bar was heard and determined in the court below before the recent act of congress relating to the laws of the several states pertaining to the regulation or prohibition of the traffic in intoxicating liquors.

The decree of the district court will be REVERSED.