THE STATE OF IOWA, Appellee, v. GEORGE MILLER, Appellant.

Intoxicating Liquors: ORIGINAL PACKAGES: INTERSTATE COMMERCE. Where beer was put up in bottles by a non-resident dealer, and a number of bottles packed in a box, and shipped to an agent in this state, who sold the same by the bottle, *held*, that the sales were in "original packages," and, therefore, were not illegal prior to the passage of the act of August 8, 1890, of the fifty-first congress.

*Appeal from Marshall District Court.*—HON. D. R. HINDMAN, Judge.

TUESDAY, OCTOBER 25, 1892.

THE defendant was indicted, tried, and convicted of the crime of nuisance. His motion for new trial was overruled, and judgment entered against him on the verdict, from which he appeals.—*Reversed.*

*Anthony C. Daly* and *Theodore F. Bradford*, for appellant.

*John Y. Stone*, Attorney General, and *J. L. Carney*, County Attorney, for the State.

GIVEN, J.—I. The evidence shows without conflict that prior to August 14, 1890, and within the period covered by the indictment, the defendant kept a place in Marshall county for the keeping and selling of intoxicating liquors, and that he kept and sold such liquors therein in the following manner: He was appointed agent of the Pabst Brewing Company, of Milwaukee, Wisconsin, for the sale of its beer. The company shipped to him from Milwaukee beer in bottles, packed in boxes, for which the defendant was to account at one dollar and twenty-five cents per dozen bottles. On receipt of the boxes the defendant opened them, and sold the beer by the bottle, in such numbers as purchasers desired. The appellant's counsel correctly state the issue to be "whether or not the sale of this beer by the bottle, after the same was taken from the box in which it was transported, was a sale in the original package." The appellant asked the following instruction, which was refused: "If it is shown that the defendant sold beer in the original package prior to the fourteenth day of August, 1890, and that he did so as the *bona fide* agent of a Wisconsin brewer, and

the beer sold came from Wisconsin, then you must find a verdict for defendant." The court gave the following instructions:

"Up until and including the fourteenth day of August, 1890, it was lawful for a nonresident of this state to ship intoxicating liquors into this state, and here sell them, either by himself or agent, conditioned that the liquor was sold in the same unbroken package in which it was shipped into the state. But if such nonresident importer, either by himself or agent, broke such package after it arrived in this state, then, the moment such package was broken, the liquor became amenable to the prohibitory laws of this state. The term 'original package,' as used in these instructions, means the very package in which it was shipped into this state; for, if the package be broken, it brings all the liquors contained in the package subject to the prohibitory laws of this state."

The jury having asked for further instructions on the question, "What is an original package?" the court gave the following: "The term 'original package,' used in these instructions, means the same package in which they were shipped into this state. If a nonresident importer should ship beer into this state in a case or box holding one or two dozen bottles, then the entire case or box would be the original package; and, in order to have made a lawful sale, the entire case or box must be sold in an unbroken condition. In other words, one bottle, taken from such case or box, would not be an original package."

The only question before us is whether the court erred in thus giving and refusing instructions. There is testimony showing that many of the bottles of beer sold were opened and drank in the place, the defendant furnishing the corkscrew and glasses for that purpose. There is also some evidence tending to show that the defendant sold beer by the bottle after

August 14, 1890. Conceding that this evidence is sufficient to sustain a conviction, still, if the court erred in giving and refusing the instructions quoted, it was prejudicial error. According to the instructions given, the box in which the bottles of beer were shipped was the original package, and not the bottles. In *State v. Coonan*, 82 Iowa, 400, decided after the trial of this case below, it was held, upon facts similar to those in this case, so far as the character of the packages is concerned, "that the separate bottles were original packages." The instructions given are plainly in conflict with this ruling. Counsel for the state contend that this ruling is erroneous, and should be reversed. Our conclusion is that, under the present state of the law, we should adhere to this ruling, and hold that the court erred in giving and refusing the instructions quoted above.

The judgment of the district court is REVERSED.