GUCKENHEIMER et al. v. SELLERS et al.   PFEIFER et al. v. GILREATH et al.   SAME v. MOORHEAD et al.   PORTER BREWING CO. v. SAME.

(Circuit Court, D. South Carolina.   August 6, 1897.)

INTERSTATE COMMERCE—ORIGINAL PACKAGE—LIQUORS.

An original package, within the meaning of the law of interstate commerce, is the package delivered by the importer to the carrier at the initial point of shipment, in the exact condition in which it was shipped. In the case of liquors in bottles, if the bottles are shipped singly, each is an original package, but if a number are fastened together, and marked, or are packed in a box, barrel, crate, or other receptacle, such bundle, box, barrel, crate, or receptacle constitutes the original package.

B. A. Hagood, P. H. Nelson, and Shuman & Dean, for complainants.

William A. Barber, Atty. Gen., for respondents.

SIMONTON, Circuit Judge. These four cases, differing somewhat in detail, have been heard together. They all present the same question, what is an original package? and before any of these can be decided, this question must be first settled.

It has been established by decisions which cannot now be questioned that liquors imported into a state are subject to the exercise of its police power, whether brought in in original packages or otherwise, and that when the use of intoxicating liquors as a beverage has been forbidden by state law as injurious to the health, welfare, or safety of the state, no sale of such liquor can be made within that state, for such purpose, by any one, either resident or importer. It has further been established by the decision of the supreme court that the dispensary law of South Carolina does not declare the use of intoxicating liquors as a beverage injurious to the health, welfare, and safety of the state; that, on the contrary, the state itself imports in quantities, and sells at a profit, intoxicating liquors for use as a beverage; that the prohibition by the state against the importation of such liquors by any one except the state itself, or with the consent of the state, is not the exercise of the police power, but an interference with, and a regulation of, interstate commerce; that, under the constitution of the United States, such interference and regulation are void. But the police power begins when interstate commerce ends. The imported article, when it comes into a state and becomes mingled with the other property of the state, becomes subject to all infra-state commerce regulations; and in South Carolina the state, in the full and lawful exer-

cise of her police power, has, both in the constitution and in the dispensary act, made such regulations, which must be obeyed. Interstate commerce protects only that which is the subject of commerce, which is transported over the lines of interstate communication, and only so long as it preserves the form, and remains the exact subject, of importation. When it is broken, or when it changes its form, when it passes from the importer to the buyer, it ceases to be an article of interstate commerce, and no longer enjoys its protection. A cask of brandy may be imported into a state whose laws recognize that intoxicating liquors can be advantageously used as a beverage, and in that form can be sold by the importer; but he cannot change the form of the package, nor open it, nor draw from it, nor sell parts of it. He can only deal with it as a whole, if the state laws regulate or control or allow the sale, on condition or in a prescribed method, of intoxicating liquors as a beverage; and, unless the state laws permit it, no purchaser of the imported cask can sell or dispose of it to another in any way, in whole or in part. The original package only being protected under the law of interstate commerce, the question, what is an original package? is of grave importance. In arriving at a conclusion on this question, no aid is given from acts of congress, as is afforded in ascertaining what is an original package in the matter of cigarettes, another article of interstate commerce which frequently clashes with police regulations. Congress, in sections 3381 and 3392 of the Revised Statutes, has prescribed what shall be an original package of cigarettes. No similar provision has been made anywhere with regard to liquors. For this reason, the cases quoted relating to cigarettes cannot aid us. In re Minor, 69 Fed. 235; State of Iowa v. McGregor, 76 Fed. 957; State v. Goetze (W. Va.) 27 S. E. 225.

An examination of the large number of cases which have been quoted by counsel shows that the question under discussion is largely a question of fact, determinable by the circumstances of each case. A text writer in the American and English Encyclopædia of Law (volume 17, page 275, note) says:

"An original package, within the sense of the interstate commerce regulations, is the unbroken package imported into a state from another state or a foreign country, before, by sale or otherwise, it gets into the mass of the general property in the state."

The form or size of the package the importer determines for himself. State v. Winters (Kan. Sup.) 25 Pac. 235. However small the package may be, so long as it is an original package, it is protected. In re Beine, 42 Fed. 545. If, however, the package, as put up by the importer, contain a number of other and smaller packages, each sealed, such as beer bottles in a barrel, or wine or whisky in a case, to which would the term "original package" apply,—the bottles (each), or the barrel or box? The decided cases are not uniform in their answer to this question. In Keith v. State, 91 Ala. 2, 8 South. 353, these were the facts: The liquor was shipped by Lowenthal & Co., wholesale and retail liquor dealers, residing in Nashville, Tennessee, in half pint, pint, and quart bottles. The bottles were separately wrapped in tissue paper, each labeled "original package," with the name of the importer and shipper, in an open box, with hay laid between them,

each box marked with the number of bottles and their sizes contained therein. From the bill of lading in evidence it appeared that the box contained 1,075 bottles and 25 jugs of liquor, and that shipped at the same time were 20 casks, containing bottles of beer, and 3 casks containing bottles of ale. This was done to facilitate shipment. Rion sold whisky, as the agent of importer, by the single bottle, wrapped and labeled as stated. After an elaborate opinion, the court held that the boxes and barrels, not the bottles, were original packages. A similar decision was made in South Dakota (State v. Chapman, 47 N. W. 411); and also in Nebraska (Haley v. State, 60 N. W. 962); and in Iowa (State v. Miller, 53 N. W. 330). Another case in Iowa (State v. Coonan, 48 N. W. 921) holds that the bottles, if sealed without the state, were the original packages, and not the boxes or barrels in which they came. In Com. v. Bishman (Pa.) 21 Atl. 12, the court is emphatic. In that case the agent of a dealer in another state received on consignment pint and quart bottles of liquor, each bottle in a pasteboard box, sealed with a strip of paper pasted across the lid, and stamped with the name of the firm. These packages came in boxes and barrels to the agent, who unpacked them when they arrived, and put the pasteboard packages on the shelves. The court says, on the state of facts: "The claim of defendant that he was selling only in the original packages was little better than a burlesque."

The federal cases are few in number. Judge Hall, of the district of Mississippi, held, in Re Harmon, 43 Fed. 372, that when bottles of whisky were put in a wooden box, and so imported, the box, and not the bottles, was the original package. The circuit court of appeals of the Seventh circuit, in U. S. v. One Hundred and Thirty-Two Packages of Spirituous Liquors and Wines, 22 C. C. A. 228, 76 Fed. 364, discuss the meaning of the word "package," as used in section 3449, Rev. St. U. S.: "The term 'package' means every box, barrel, or other receptacle into which distilled spirits have been placed for shipment or removal, either in quantity or in separate small packages, as bottles or jugs." Although none of these authorities are conclusive, they greatly assist in reaching a decision. These shipments look for their protection to the law of interstate commerce. It is that unit, the thing which the carrier receives, transports, and delivers as an article of commerce, which is protected. The protection of the law is given to that which is imported through those channels, and in this way. The importer decides for himself the size and form of the package which he seeks to import. He puts it up in the shape in which he wishes to import it, gives it the initial steps which put it in transit, and so makes it the subject of interstate commerce. "The original package was and is the package as it existed at the time of its transportation from one state to another." State v. Winters (Kan. Sup.) 25 Pac. 237. "An original package is a bundle put up for transportation or commercial handling, and usually consists of a number of things bound together, convenient for handling and conveyance." State v. Board of Assessors (La.) 15 South. 10. The case of State v. Keith, 91 Ala. 2, 8 South. 353, expresses this idea clearly:

"Merely labeling each bottle 'original package' does not make it one, if it was not really the original package. The term 'to pack,' in its ordinary signification, especially when used in reference to carriage, means to place together and prepare for transportation,—as to make up a bundle, or bale, or box, or other receptacle. They do not form as many and separate packages as there are articles, though they may be wrapped separately. The case or bale in which separate articles are placed together for transportation constitutes the original package."

So, In re Beine, 42 Fed. 546, which holds that the importer will be protected in his importation, however small may be the bulk of the package, decided that bottles could be original packages when they were sealed and nailed up separately, not packed in any other box, but shipped singly and separately. This case, by the way, is at variance with the Pennsylvania cases quoted by the attorney general, (Com. v. Paul, 170 Pa. St. 284, 33 Atl. 82; Com. v. Schollenberger, 156 Pa. St. 201, 27 Atl. 30), and its conclusion is preferred to them. Retail trade, as well as wholesale trade, is included in the idea of commerce.

Considering all these cases and the others quoted in argument, it appears that the original package is the package delivered by the importer to the carrier at the initial place of shipment, in the exact condition in which it was shipped. If in single bottles, shipped singly, or if in packages of three or more securely fastened together and marked, or if in a box, barrel, crate, or other receptacle, the single bottle, in the one instance, the three or more bottles, in another instance, the barrel, box, crate, or other receptacle, respectively constitute the original package. If sold or delivered, it must be sold or delivered as shipped and received. If the package be broken after such delivery, it comes within the police regulations of the state, and any sale or delivery in such case is unlawful.

Let an order be prepared in each case in accordance with this opinion.