LAND, J.
The sheriff and tax collector of the parish of Lafourche proceeded by rule against the defendant to compel the payment of a license tax of $50 and penalty to the state for pursuing the occupation of a peddler-or hawker, as defined by Act No. 49 of 1904.
The rule set forth that defendant, a resident of the parish of Orleans, had been and was engaged in selling merchandise by sample, and by taking orders for immediate or future delivery.
Defendant answered that he was a mere clerk, agent, or salesman of the Leon Godchaux Clothing Company, Limited, of the city of New Orleans, and, as such, owed no license under any law of this state, he being in no manner interested in the sales made by him for account of his employers; that his business was selling by sample goods to be furnished later by said company, and that he carried with him no goods, and delivered none to customers in said parish; that said company had paid all licenses required of it under the laws of the state, as wholesale and retail merchants; and that Act No. 49 of 1904 violates articles 31, 32, and 229 of the Constitution of 1898.
The court made the rule absolute, and defendant appealed. It appears from the agreed statement of facts that in November, 1904, the defendant was engaged, in the parish of Lafourche, in offering for sale, by samples, clothing and underwear, to be furnished by the Godchaux Company, of the city of New Orleans, and delivered as soon as possible; that defendant had no articles of merchandise for delivery, was in no wise interested in the goods offered for future delivery, and was acting as the salesman or agent or clerk of the Godchaux Company, and was paid a regular salary for his services; that said company had paid a state license and a license to the city of New- Orleans, both as retail and wholesale merchants doing business in said city, for the year 1904; that the defendant had paid no state license as peddler or hawker, to peddle in the parish of Lafourche or elsewhere; that said defendant was on November 4r 1904, in said parish, traveling on foot, and was seeking to sell customers for future delivery as above set forth; that defendant, while thus acting, was called upon by the constable of the ward to produce his license as hawker or peddler for the year 1904, and, failing to do so, and stating that he had none, the constable thereupon seized his stock of samples, valued at $75, and turned the same over to the justice’s court of the ward, at the same time informing the court of the violation of the law, and especially of the violation of Act No. 49 of 1904.
This act amended previous legislation on the subject of licensing peddlers or hawkers by extending the definition so as to include “all transient merchants and itinerant vendors selling to consumers by sample or by taking orders, whether for immediate or future delivery.” In brief, the legislative intent was to subject all retail drummers or traveling salesmen to the same license as. the “peddler or hawker,” but, instead of doing so by direct legislation, and grading the license on some basis appropriate to the business carried on, the intent was sought to be accomplished by extending the meaning of the words “peddler or hawker” so as to include and apply to “all itinerant vendors selling to consumers by sample or by taking orders,” etc. But the grading was not changed, and so “drummers” were classified as “traveling on foot,” “traveling on horseback,” “traveling in a one-horse vehicle,” “traveling in a two-horse vehicle,” and “travelingj on any kind of water craft.”
The first objection raised by defendant is *1037 that Act No. 49 of 1904 is repugnant to article 31 of the Constitution of 1898, which reads as follows, to wit:
“Every law enacted by the General Assembly of the state of Louisiana shall embrace but one object, and that shall be expressed in its title.”
The act in question purports to amend and re-enact section 12, p. 164, of Act No. 103 of 1900. This section fixes license taxes for keeping theaters and other places of amusement, for the exhibition of traveling shows, for halls where balls and other public entertainments are given, for selling railroad or steamship tickets, and for “peddlers or hawkers.”
Section 14, p. 166, of the same act, in its final clause, imposed a license on certain specified professions and callings, “and all other business” not otherwise provided for, based on the amount of gross annual receipts; the minimum of the license, however, being fixed at $5.
In State v. Tolman, 106 La. 668, 31 South.' 323, in referring to the same provisions in Act No. 171 of 1898, this court said:
“The law above referred to subjects to license taxation every business or occupation falling under its terms, not expressly exempted by article 229 of the Constitution.”
If the occupation or business of selling by sample or by taking orders was subject to a license tax, it fell within the class of all other business not specially provided, as set forth in section 14 of Act No. 103, p. 166, of 1900. If such occupation did not fall within the terms of the license statutes enacted prior to 1904, it was a distinct subject-matter for additional legislation. In either event, the title of the act should have set forth the legislative purpose. But the title in question purports to amend only section 12 of Act No. 103, p. 164, of 1900, and therefore is not broad enough to cover section 14, p. 166, of the same act, or any new subject-matter of license taxation. In order to render the amendment germane to the section mentioned in the title, the definition of the words “peddler or hawker” was extended so as to include drummers selling by sample or taking orders for future delivery; and' drummers, like peddlers, were graded according to the particular mode in which they traveled.
Two subjects of legislation cannot be germane where it is necessary to change the meaning of words to place them in the same class or category, and where provisions applicable to the one are incongruous when applied to the other.
It is true that it had been often held that the title of a statute amending and re-enacting a certain article of the Codes, or a certain section of the Revised Statutes, sufficiently expresses the legislative intention. But such amendment should be limited in its scope to the subject-matter of the section proposed to be amended. “In such ease the introduction of any new substantive matter not germane or pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not expressed in the title of the act, and therefore void. The amendment of an act in general, or a particular section of an act, ex vi termini implies merely a change of its provisions upon the same subject to which the act or section relates.” State v. Sugar Refining Co., 106 La. 565, 31 South. 181.
In that case the Legislature, in an act amendatory of a particular section of the license law of 1898, altered the subject-matter of a different section, to which no reference was made in the title. This court held that the legislation was an “addition” rather than an “amendment,” and was therefore unconstitutional.
If, in legislating to amend particular sections expressed in the title, the lawmakers cannot alter the subject-matter of other sections not expressed therein, for a stronger reason they cannot ingraft in the sections *1039 to be amended provisos on a subject-matter not embraced in any section of the prior act. This would be new legislation, extending the taxing power to other objects, not contemplated in the original act.
We, however, are of opinion that, if the occupation of a drummer is taxable under our license laws, it is necessarily included in the last clause of section 14 of Act No. 103, p. 166, of 1900, in the class of “all other business not herein provided for.” If so, the decision cited above covers the case like a blanket.
It is unnecessary to decide whether the defendant, in the pursuit of his occupation of selling by sample or on orders for future delivery, was a clerk, in the sense of article 229 of the Constitution of 1898, exempting such employés from taxation. This question divided the court in State ex rel. Woodward v. Chapman, 35 La. Ann. 75, and State v. Generelly, Id.; but a majority of the court concurred in the views that the term “travelling salesman” did not cover persons employed on a fixed salary by resident merchants who had paid all licenses required of them by the laws of the state. In that case Justice Fenner said: “The law did not design to handicap and paralyze the enterprise of licensed dealers by vexatious taxation on their salaried employés. Such an interpretation is hostile to the spirit of commerce and the policy of the state, which is to encourage our merchants, once licensed to do business, to reach out for trade in every direction, and not to make the four walls of a store a dungeon within which their energies must wither, and their trade rot and die.”
We are constrained to hold the act in question to be violative of the Constitution in so far as it imposes a license tax on transient merchants and itinerant venders selling by sample or by taking orders for immediate or future delivery, because the title of the act did not give notice of the legislative intent to impose license taxation on commerce between different sections of the state. Such taxation discriminates against home merchants in favor of merchants residing in other states, and the intention of the Legislature to tax commerce within the state should have been clearly manifested in the title of the act..
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that this proceeding be dismissed at plaintiff’s cost.