(38 South. 440.)

No. 15,571.

HENDERSON, Sheriff and Ex-Officio Tax Collector, v. ORTTE et al.

(March 27, 1905.)

PEDDLER'S TAX—INTERSTATE COMMERCE — UN-
BROKEN PACKAGES.

1. The vender of unbroken packages made up in one package by the manufacturer in another state, received by the consignee of the manufacturer in package, and delivered to the customer here in package, without its ever having become a part of the mass of the property in this state, is not liable for a peddler's license.

2. The sugar of this state shipped in packages is not subject to license tax at destination out of the state, nor the wines of California, the hops of Washington, the tobacco of Maryland and of Virginia.    The same rule applies to other natural or manufactured articles.
The exemption applies as well to the retail as to the wholesale trade.
The foregoing ground decides the case, and, in consequence, the other grounds urged by defendant are not decided.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by George Henderson, sheriff and tax collector, against O. B. Ortte and others. Judgment for plaintiff, and defendants appeal. Reversed.

Weeks & Weeks, for appellants.    John Robert Davis, for appellee.

BREAUX, C. J.    The sheriff and tax collector sued the respondent, alleged representative of the Illinois Sewing Machine Company, a corporation domiciled in Illinois, to recover the sum of $100 state, and $100 parish, license tax imposed by the state and parish.

Respondent sells sewing machines, and her defense is that she is exempt from payment of the license claimed.

She urges a number of grounds in her defense, and in support of her claim to exemption.    They present the issues usual in such cases—the unconstitutionality of the revenue laws, the violation of the Constitution of the United States, especially section 8 of article 1, and that the acts under which plaintiff in rule claims (to copy from the answer) "are unconstitutional, null, and void," for various reasons urged.

There is very little dispute about the facts. The respondent buys the sewing machines in the state of Illinois, in which they are manufactured.    The parts of the machine are put together, and packed and shipped in separate packages—each machine is placed in one package—to the address of defendant at her place of business in this state.

They are then put in separate packages just as delivered, peddled in her peddler's carriage and sold, or delivered to a customer in compliance with a previous order.    The only witness in the case, defendant's husband and agent, testified that the machine is sold and left with the buyer, the delivery completed, without breaking the package.

The defendant has a business stand in addition, but it seems that these machines are not part of the stand, or, at any rate, they do not enter with her stock in trade at the home store.

This brings us to the end of the summary of the facts.

The judgment is for plaintiff in rule. Respondent appeals.

The rule arising under the Constitution of the United States, art. 1, § 10, which exempts from import tax or from duties on imports, as stated therein, does not admit of extended discussion here.    The general principle of exemption cannot be reasonably denied.    It is a constitutional provision of an imperative character, subject to no charge or modification.

It suffices to say that goods imported in the original packages are exempt.    This has been so repeatedly decided by the state and federal courts that we do not deem it necessary to cite decisions upon the subject, so far as relates to the general proposition.

The crux of the question arises in applying the rule, and in determining whether or not the package here is still in its original state, and has not entered into the stock in trade of the dealer as a broken package.

We have already decided that a package is a "number of things bound together convenient for handling and conveyance, and that such a package unbroken in the importer's warehouse is exempt from taxation."

State ex rel. Gelpi & Bro. v. Board of Assessors, 46 La. Ann, 147, 15 South. 10, 49 Am. St. Rep. 318, and May v. City, 51 La. Ann. 1067, 25 South. 959.

We are asked to go one step further and hold that pieces of machine—sewing machines—put up together with its immediate appliances in one package, convenient for handling and conveyance, is also exempt.

The questions fall within limits slightly more narrow and difficult of solution than they were in the cited cases supra. It remains, generally, the words "package" and "bundle," two words about as synonymous as two words can be, imply, if they do not directly convey, the exclusive idea of union or gathering together of several things attached or put up together. To put goods in a box, or clothing in a trunk or bundle, suggest the meaning of pack—"to pack"—and its derivative, "package," as including several things.

In our case the package does not exclude all thought of several things put together. They are pretty well united in one. The parts of the machine, consisting of appliances, are not necessarily the machine itself. They are all packed together and shipped from the point of shipment, and they are delivered in crate in the exact state in which they are shipped in package, and therefore carried away and sold without previously in any way having mixed it with other stock.

With reference to original packages, the Supreme Court of the United States said in Lyng v. Michigan, 135 U. S. 167, 10 Sup. Ct. 727, 34 L. Ed. 150, that the same rule that applies to the "sugar of Louisiana, the cotton of South Carolina, the wines of California, the hops of Washington, the tobacco of Maryland and Connecticut, or the products, natural or manufactured, of any state, applies to all commodities in which a right of traffic exists recognized by the laws of Congress, the decisions of courts, and the usages of the commercial world. It devolves upon Congress to indicate such exceptions as in its judgment a wise discretion may demand under particular circumstances."

This rule includes, we think, the different parts of a sewing machine put up in a separate package and shipped to a consignee who sells it in the package.

We have read, in one of the decisions which treats of the subject, that each case was necessarily dependent upon its particular facts, determined by the circumstances. Guckenheimer v. Sellers (C. C.) 81 Fed. 998.

The uncontradicted and unquestioned testimony in this case shows the complete final delivery of the package by the merchant in crate, as just mentioned. We infer from the testimony that, as relates to defendant's peddling, the machines are traceable directly from the factory to her, and by her as a peddler sold, as before mentioned. It did not get into the mass of the property of the state prior to the final delivery.

It has been decided that the importer will be protected in the importation, however small the bulk of the package. Guckenheimer v. Sellers (C. C.) 81 Fed. 1000; State v. Winters (Kan. Sup.) 25 Pac. 235, 10 L. R. A. 616.

We are not inclined to extreme views upon the subject, and only hold that with the facts before us the property imported is exempt. There are packages so diminutive, and there may be devices resorted to, that they would

render an application for exemption grotesque in the extreme. This is not the case here, and therefore we have determined to hold in favor of the exemption.

Another point is that, respondent being engaged in retailing these machines in the manner stated, she is not protected by the exemption, which only has application to wholesale transactions.

The commerce protected is general; it does not stop with the wholesale. Retail trade as well as wholesale is included in the idea of commerce. Guckenheimer v. Sellers (C. C.) 81 Fed. 1000. While this last cited decision is not conclusive, it is sufficient to sustain our own view upon the subject, and add to the determination to which we have arrived after a study of the questions involved.

In view of our opinion, it is now evident that defendant has gone one step further than actually necessary, and attacked Act No. 49 of the General Assembly of 1904 on the ground that the title gives no intimation of intent to include resident venders. We will state, none the less, in passing to a conclusion, that we have decided that, on account of deficiency of title, the act cited did not include transient venders. Only that point was involved and decided in Beary v. Narrau (No. 15,486 of the docket of this court) 113 La. 1034, 37 South. 961.

We have taken up the issues in the order that they were presented. Decision of the first disposes of the case. We will not take up the other issues.

By reason of the fact that we have recognized respondent's right of exemption, she is now without interest to attack laws on the ground of unconstitutionality. As she is without interest, we pass the points of illegality urged, without deciding them.

For reasons assigned, the judgment appealed from is avoided, annulled, and set aside.

It is further ordered, adjudged, and decreed that the right of defendant to import, sell, and deliver sewing machines in crate and separate packages, in manner set forth in our opinion, is recognized as not subject to license tax.