UNITED STATES *v.* YAMASHITA (No. 261). UNITED STATES *v.* FURUYA (No. 262).[1]

1. DRIED FISH IN PAPER PACKAGES.

Dried fish in 1-pound paper packages that have been sealed and placed in numbers from 100 to 110 packages in a box were not dutiable under paragraph 258, tariff act of 1897, the 1-pound package being wrongly taken as a unit for classification.

2. SAME—HOW DUTIABLE.

The larger wooden box, containing, of the 1-pound packages of fish, a hundred or more, was the proper unit for classification and so the importation was dutiable under paragraph 261, tariff act of 1897.—John R. Fulton & Co., G. A. 4743 (T. D. 22414), *In re* Johnson (56 Fed. Rep., 822), and Kauffman Bros. *v.* United States (99 Fed. Rep., 430) distinguished.

United States Court of Customs Appeals, March 20, 1911.

APPEAL from United States Circuit Court for Western District of Washington, Abstracts 7521–7522 (T. D. 26637) and T. D. 30317.

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*William K. Payne* on the brief), for the United States.

*Comstock & Washburn* (*Albert H. Washburn, J. Stuart Tompkins* of counsel) for appellees.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

HUNT, judge, delivered the opinion of the court:

The merchandise involved in this case consists of dried fish, packed in 1-pound paper packages, sealed, and ready for sale, such sealed packages being in turn packed in wooden packing boxes or cases, and thus imported into the United States.

The merchandise was classified and assessed for duty by the collector of customs for the collection district of Puget Sound, Wash., at 30 per cent ad valorem under the provisions of paragraph 258 of the tariff act of 1897, as fish in packages containing less than one-half barrel and not specially provided for in said act. The importers, claiming that the merchandise was liable to duty under paragraph 261 of said act at the rate of three-fourths of 1 cent per pound, appealed to the United States Board of General Appraisers. The board reversed the collector's decision. The Government then appealed to the United States Circuit Court for the Northern Division of the Western District of the State of Washington, where the

---

[1] Reported in T. D. 31435 (20 Treas. Dec., 547).

decision of the Board of General Appraisers was sustained. From the decision of the circuit court the Government has appealed.

Paragraph 258 of the tariff act of 1897, under which the Government claims duty should be levied, reads as follows:

Fish known or labeled as anchovies, sardines, sprats, brislings, sardels, or sardellen, packed in oil or otherwise, in bottles, jars, tin boxes or cans, shall be dutiable as follows: When in packages containing seven and one-half cubic inches or less, one and one-half cents per bottle, jar, box, or can; containing more than seven and one-half and not more than twenty-one cubic inches, two and one-half cents per bottle, jar, box, or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, box or can; containing more than thirty-three and not more than seventy cubic inches, ten cents per bottle, jar, box or can; if in other packages, forty per centum ad valorem. All other fish (except shellfish) in tin packages, thirty per centum ad valorem; fish in packages containing less than one-half barrel and not specially provided for in this act, thirty per centum ad valorem.

Paragraph 261, which is that applied by the circuit court, is also quoted:

Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for in this act, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut, or salmon, fresh, pickled, or salted, one cent per pound.

We must inquire whether for the purposes of levying duty upon the importation the "package" upon which duty is levied is the wooden box containing the 1-pound packages of fish, which is more than one-half barrel capacity, or whether it is the 1-pound paper package, a number of which packages are packed together in the box or case.

We will first refer to the contention of the Government that "neither the board nor the court below made a finding of fact that the fish were in original packages containing more than one-half barrel, and there is no evidence to sustain such a finding."

The deputy collector of customs at Port Townsend testified that the merchandise is a small fish, the product of Japan, known as "iriko," and that it is imported in packages such as the exhibit which he produced in court, containing practically 1 pound each. The witness said:

The collector classified the goods as fish in packages of less than one-half barrel under paragraph 258, and the board's decision held them dutiable as fish in compartment packages. An appeal was taken by the department, contending that the fish are in packages of less than one-half barrel, from the fact that they are packed in 1-pound paper packages, sealed, and are sold from shelves by retailers in the condition as imported; * * * that the paper packages are packed from 100 to 110 packages to a case—in a wooden box; * * *.

It would seem from this testimony that the circuit court had before it sufficient evidence to justify the conclusion that 100 to 110 pound paper packages of fish required a box or case to contain them of a capacity more than one-half barrel.

We now pass to the argument of counsel for the United States that "the package the size of which determines the classification is the immediate container and not the outside packing case." This argument is undoubtedly sound where the facts are that the merchandise is packed in separate and substantial packages or tin cans, which in themselves become outside containers, and where such containers are merely fastened together in an outside box or container in such a way that when the principal outside container is broken the smaller inside packages are detached from one another. Such a case was that of the protest of R. M. Kelley, G. A. 6166 (T. D. 26769).

There, four boxes, each containing 25 pounds of smelts, were placed end to end and secured together by nailing a board along the tops and another board along the bottoms of the boxes, so that by merely sawing through the top and bottom boards in three places the four boxes would be detached. It was said that "the fish in question were packed in packages containing less than one-half barrel, and that they did not cease to be so packed when these packages were fastened together by boards running along their tops and bottoms." It was also held that the method of packing was to escape higher duty. The merchandise was therefore classified under the provision in paragraph 258, tariff act of 1897, for "fish in packages containing less than one-half barrel."

We find no serious claim in the present instance that the pound packages of fish were packed in the wooden box or case for the purpose of evading the payment of a higher duty or that the manner of packing showed a clever subterfuge on the part of the importers to escape the payment of a higher duty.

Another case to be distinguished is that of the protest of John R. Fulton & Co., G. A. 4743 (T. D. 22414). The merchandise involved in that case was dried fish, imported in tin boxes packed in turn in a wooden box, the object of the tin package being hermetically to seal the contents against atmospheric influences, the object of the wooden covering being to make the whole safely transportable. The United States Board of General Appraisers held that—

The merchandise is undoubtedly packed in tin packages within the meaning of the provision; otherwise it would be possible to absolutely avoid it by placing each tin package inside of a wooden or other covering.

The board also stated as follows:

Congress, as was said by Lacombe, J., in the case of *In re* Johnson (56 Fed. Rep., 822), apparently intended "not so much to lay the duty on fish, but to lay the duty upon the tin cans that brought the fish in," and it follows that this merchandise must be classified as fish in tin packages.

Duty was assessed in the Fulton case, therefore, under the provisions of paragraph 258 of the act of 1897. This case is not directly in point, for the fish in the Fulton case were packed in tins as an inside

covering, while in the present case the initial covering is paper. And it hardly seems possible that Congress intended to lay a duty on the paper in which the fish were wrapped, or to regard it as in itself a container or package.

In the case of *In re* Johnson (56 Fed. Rep., 822), cited in the Fulton case, *supra*, the merchandise consisted of various kinds of herring, packed in hermetically sealed tin cans. The court held the merchandise dutiable under schedule G, paragraph 295, of the tariff act of October 1, 1890, as "fish in cans or packages made of tin," at 30 per cent ad valorem, and not as "fish, smoked, dried, salted, pickled, frozen, packed in ice, or otherwise prepared for preservation," under paragraph 293 of said schedule and tariff act, or as "herrings, pickled or salted," or as "herrings, fresh." The court said:

\* \* \* There should be laid a duty of 30 per cent ad valorem, \* \* \* the apparent intent being not so much to lay the duty upon fish, but to lay a duty upon the tin can that brought the fish in, \* \* \*.

The Government also cites the case of Kauffmann Brothers *v.* United States (99 Fed. Rep., 430), in which fish in tins, pickled with vinegar, and known as "Bismarck herrings," were held to be dutiable under paragraph 258 of the tariff act of 1897, under the provision for "all other fish except shellfish, in tin packages," at 30 per cent ad valorem, and not as "pickled herrings," at one-half of 1 cent per pound. The court there said:

\* \* \* I think Congress intended, by the provision for a duty of 30 per cent on "all other fish, in tin packages," to provide that any fish imported in such packages should pay the duty of 30 per cent, irrespective of the kind of fish therein. As Judge Lacombe says in the Johnson case, "the apparent intention is not so much to lay the duty on fish, but to lay the duty upon the tin cans that brought the fish in."

That case may also be distinguished from the one under consideration, as has been the Fulton case (*supra*). There being a specific provision for "all other fish, in tin packages," the court properly held that fish in tin packages were dutiable thereunder; but as already said, we must not lose thought that in the present case the fish are wrapped in paper packages and that no language of the act of 1897 specifically covers fish so contained.

Counsel for the Government assert that Congress by the words "packages containing less than one-half barrel," in paragraph 258, intended to describe the immediate container of the small retail size because of the language of the other clauses of that paragraph. This argument must be based upon the ground that the use of the words "bottle, jar, box or can," which occur in section 258 (quoted in full, *supra*), indicates that the correct rule is to construe a package to be the small paper parcel or container which is put into the large container. But the doctrine of *noscitur a sociis* must give way to the belief that in the use of the specific word "package" Congress meant

to provide specially for fish in packages as a "package" had been regarded prior to the date of the enactment of the tariff law of 1897. Looking into what constitutes a package in commerce as between foreign lands and ours, we find that it is the unit transported from the country of export to the United States. In an opinion of marked ability (Guckenheimer *et al. v.* Sellers *et al* , 81 Fed. Rep., 997), Judge Simonton said.

The Federal cases are few in number.' Judge Hall, of the district of Mississippi, held, *In re* Harmon (43 Fed. Rep., 372), that when bottles of whisky were put in a wooden box, and so imported, the box, and not the bottles, was the original package. The Circuit Court of Appeals of the Seventh Circuit, in United States *v.* One Hundred and Thirty-two Packages of Spirituous Liquors and Wines (22 C. C. A., 228; 76 Fed. Rep., 364), discuss the meaning of the word "package," as used in section 3449, Revised Statutes, United States: "The term 'package' means every box, barrel, or other receptacle into which distilled spirits have been placed for shipment or removal, either in quantity or in separate small packages, as bottles or jugs." * * * The importer decides for himself the size and form of the package which he seeks to import. He puts it up in the shape in which he wishes to import it, gives it the initial steps which put it in transit, and so makes it the subject of interstate commerce. "The original package was and is the package as it existed at the time of its transportation from one State to another." State *v.* Winters (Kan. Sup.), 25 Pac., 237. "An original package is a bundle put up for transportation or commercial handling, and usually consists of a number of things bound together, convenient for handling and conveyance." State *v.* Board of Assessors (La.) 15 South., 10.

    *       *       *       *       *       *       *

Considering all these cases and the others quoted in argument, it appears that the original package is the package delivered by the importer to the carrier at the initial place of shipment in the exact condition in which it was shipped. If in single bottles, shipped singly, or if in packages of three or more securely fastened together and marked, or if in a box, barrel, crate, or other receptacle, the single bottle, in the one instance, the three or more bottles in another instance, the barrel, box, crate, or other receptacle, respectively, constitute the original package. If sold or delivered, it must be sold or delivered as shipped and received. If the package be broken after such delivery, it comes within the police regulations of the State, and any sale or delivery in such case is unlawful.

See also Leisy *v.* Hardin (135 U. S., 110); Commonwealth *v.* Schollenberger (27 Atl. Rep., Pa., 30); Haley *v.* State (60 N. W., Nebr., 362). These decisions sustain what seems to us to be the more reasonable view under the evidence, namely, that the box in which the fish were packed for transportation properly constituted the package by which classification was made.

There is also some support for this construction in the decision of the Board of General Appraisers in the matter of William Rueff, G. A. 6531 (T. D. 27871). The point considered in Rueff's case turned upon what constituted a package under the provisions of paragraph 296 of the tariff act of 1897, which reads as follows:

* * * Wines, cordials, brandy, and other spirituous liquors, including bitters of all kinds, and bay rum or bay water, imported in bottles or jugs, shall be packed in packages containing not less than 1 dozen bottles or jugs in each package, or duty shall be paid as if such package contained at least 1 dozen bottles or jugs. * * *.

The merchandise consisted of 4 cases of French brandy, each containing 6 quart bottles, all tied together in one package by a strap, making 24 quart bottles inclosed in one strap. It was held that the merchandise was a single package, and that the brandy was dutiable according to the number of gallons contained in the package.

Without extending the discussion, our conclusion is that it was intended that fish in packages, as included in the statute, are fish put up in separate containers, suitable in themselves as containers, and not, as in the case before us, fish in paper bundles, the bundles being put into large wooden boxes or cases, which we think are more properly dutiable under the provisions of section 261, heretofore quoted.

The judgment of the circuit court is *affirmed.*

MONTGOMERY, Presiding Judge, and SMITH, BARBER, and DE VRIES, Judges, concur.