Bush & Co. (Inc.) *et al. v.* United States (No. 1550).[1]

PACKAGE OF ORANGES, WHAT IS—TWO BOXES TIED TOGETHER.

Two boxes of oranges, each 7¾ by 10½ by 5½ inches, firmly tied together to facilitate marketing and safe transportation, this method of packing being an established custom of the trade, constitute one package under the first clause of paragraph 220, tariff act of 1913.

United States Court of Customs Appeals, December 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37295. [Reversed.]

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE· VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The present importations are oranges from Japan, entered at the ports of Seattle and Portland. They are contained in small wooden boxes, each about 7¾ inches wide, 10½ inches long, and 5½ inches high. The boxes prior to exportation are firmly tied together in pairs or couples by means of Japanese grass rope. They remain

---

[1] Reported in T. D. 35974 (29 Treas. Dec., 685).

in this condition until after their delivery to the importers and, in most instances, until they are delivered to the trade in this country.

It is conceded that the merchandise is dutiable under paragraph 220 of the tariff act of 1913, which reads as follows:

220. Lemons, limes, oranges, grapefruit, shaddocks, and pomelos in packages of a capacity of 1¼ cubic feet or less, 18 cents per package; in packages of capacity exceeding 1¼ cubic feet and not exceeding 2½ cubic feet, 35 cents per package; in packages exceeding 2½ and not exceeding 5 cubic feet, 70 cents per package; in packages exceeding 5 cubic feet or in bulk, one-half of 1 cent per pound.

Under the foregoing paragraph the present merchandise is assessable with duty at different rates according to the size of its " packages," and the question therefore arises whether the individual box which is the first or original container of the oranges constitutes a package within the meaning of the paragraph, or whether the pair or couple of boxes which are tied together by the grass rope constitute the package. In the present case, if a pair of boxes thus tied together are held to be a package, the duty upon the pair would be 18 cents, since the total capacity of the pair is less than 1¼ cubic feet. If, on the other hand, each individual box is held to be a package regardless of the manner in which the boxes may be tied together, then the duty upon a pair of boxes would be 36 cents, notwithstanding the fact that their combined capacity is less than 1¼ cubic feet.

The collector assessed duty upon the theory that each individual box is a package, and the Board of General Appraisers, upon protest, sustained this action. The importers now appeal.

The sole question in the case, therefore, is whether under paragraph 220, *supra*, a pair of boxes tied together as above described constitute a package for assessment, or whether each box of the pair should be separately assessed as a package under the paragraph.

Under the tariff acts of 1897 and 1909 duty was levied upon citrus fruits by the pound.

It is said by the witnesses that the wooden boxes in question are fragile and would have to be wrapped if shipped separately; that it does not require much more rope to wrap two boxes together than one alone, and only the same amount of labor. It is also said that the grass rope about the boxes gives a " spring " to them when handled or placed, and thus protects them from breakage. It appears also from the exhibits that the grass rope furnishes a convenient handle for lifting or carrying the boxes.

The Japanese oranges are tender, it is said, and can not well be shipped in single boxes of large size; this has been attempted under the present tariff law, but the result has not been satisfactory. The witnesses, whose experience, however, has apparently been limited to the ports of Tacoma, Seattle, and Portland, say that such oranges have commonly been shipped in this way for 12 or 14 years last

past, although infrequently four boxes have been tied together instead of two. It is also said that the trade in this country has become accustomed to this manner of handling the oranges and prefers it, and that the fruit is almost invariably sold in the trade by the combined package.

It is very apparent from the testimony that the practice of tying the boxes in pairs for shipment has had no relation to tariff duties, because from 1897 to 1913 the oranges were dutiable by the pound, and, furthermore, under the act of 1913 the packages are dutiable according to their capacity in cubic feet, so that the statutory duty can not be evaded by increasing the size of the assessable packages.

Upon the foregoing facts we take the view that the term " package " as used in the act properly applies to a pair of boxes when thus tied together, and that duty should have been assessed accordingly.

In support of this view the following definitions of the word " package " are quoted:

Standard Dictionary:

The act of packing; also that which is packed; an article or a quantity of anything wrapped up or bound together; a bale, bundle, packet, or parcel; any collection of goods baled, boxed, or otherwise inclosed for transportation.

Century Dictionary:

A bundle or parcel; a quantity pressed or packed together; as a package of cloth.

A unit of freight or luggage; an article of transportation, as a box or a bundle.

Oxford Dictionary:

A bundle of things packed up, whether in a box or other receptacle, or merely compactly tied up, especially such a bundle of small or moderate size, as an item of luggage; a packet, parcel. (The chief current sense.) .

A case, casing, box, or other receptacle in which goods are packed.

Webster's Dictionary:

A bundle made up for transportation; a packet, a bale, a parcel, as a *package* of goods.

That in which anything is packed; a box, case, barrel, crate, etc., in which goods are packed.

29 CYC., 1552:

A number of things bound together convenient for handling and conveyance; a bundle; a quantity pressed or packed together; a bundle or bale made up for transportation; a bundle or parcel made up of several smaller parcels, combined or bound together in one bale, box, crate, or other form of package; a bundle put up for transportation or commercial handling; a small parcel or bundle whose appearance would give no adequate information of its value to the carrier.

An " original package " is such form and size of package as is used by producers or shippers for the purpose of securing both convenience in handling

and security in transportation of merchandise between dealers in the ordinary course of actual commerce. Commonwealth *v.* Schollenberger (156 Pa. St., 201).

In the Rueff case, G. A. 6531 (T. D. 27871), it was held by the Board of General Appraisers that four cases of French brandy, each containing 6 quart bottles, all tied together in one package by a strap, making 24 quart bottles inclosed in one strap, constituted a package of bottles within the meaning of paragraph 296 of the tariff act of 1897, and were properly packed so as to evade any punitive or additional duties under said paragraph.

The paragraph in question required that brandy, etc., imported in bottles or jugs should be " packed in packages containing not less than one dozen bottles or jugs in each package."

General Appraiser Somerville said:

A package is defined by the Standard Dictionary, among other definitions, as "an article or a quantity of anything wrapped up or bound together; a bale, bundle, packet, or parcel." It was held many years ago by the board that bottles of wine similarly strapped together with wooden straps were properly packed so as to constitute packages within the meaning of said paragraph 296 of the act of 1897, and this decision was acquiesced in by the department in T. D. 21202. In our judgment, the articles were properly packed so as to evade any punitive or additional duties other than those claimed by the importer.

In the case of United States *v.* Yamashita (1 Ct. Cust. Appls., 341; T. D. 31435) dried fish in 1-pound paper packages, sealed and placed in wooden boxes containing 100 to 110 of the paper packages, were in question under paragraph 258 of the tariff act of 1897. The court held that the outer box and not the paper package was the proper unit of classification, under a tariff duty graduated according to the capacity of the " packages."

Judge Hunt, speaking for the court, said:

Counsel for the Government assert that Congress, by the words "packages containing less than one-half barrel," in paragraph 258, intended to describe the immediate container of the small retail size because of the language of the other clauses of that paragraph. This argument must be based upon the ground that the use of the words "bottle, jar, box, or can," which occur in section 258 (quoted in full, *supra*), indicates that the correct rule is to construe a package to be the small paper parcel or container which is put into the large container. But the doctrine of *noscitur a sociis* must give way to the belief that in the use of the specific word "package" Congress meant to provide specially for fish in packages as a "package" had been regarded prior to the date of the enactment of the tariff law of 1897. Looking into what constitutes a package in commerce as between foreign lands and ours, we find that it is the unit transported from the country of export to the United States. In an opinion of marked ability (Guckenheimer *et al. v.* Sellers *et al.*, 81 Fed., 997), Judge Simonton said:

The Federal cases are few in number. Judge Hall, of the district of Mississippi, held, *In re* Harmon (43 Fed., 372), that when bottles of whisky were put in a wooden box, and so imported, the box, and not the bottles, was the

original package. The Circuit Court of Appeals of the Seventh Circuit, in United States *v.* One Hundred and Thirty-two Packages of Spiritous Liquors and Wines (22 C. C. A., 228; 76 Fed., 364), discuss the meaning of the word "package," as used in section 3449, Revised Statutes, United States: "The term 'package' means every box, barrel, or other receptacle into which distilled spirits have been placed for shipment or removal, either in quantity or in separate small packages, as bottles or jugs." * * * The importer decides for himself the size and form of the package which he seeks to import. He puts it up in the shape in which he wishes to import it, gives it the initial steps which put it in transit, and so makes it the subject of interstate commerce." "The original package was and is the package as it existed at the time of its transportation from one State to another." State *v.* Winters (Kans. Sup., 25 Pac., 237). "An original package is a bundle put up for transportation or commercial handling, and usually consists of a number of things bound together, convenient for handling and conveyance." State *v.* Board of Assessors (La.) (15 South., 10).

\*    \*    \*    \*    \*    \*    \*

Considering all these cases and the others quoted in argument, it appears that the original package is the package delivered by the importer to the carrier at the initial place of shipment in the exact condition in which it was shipped. If in single bottles, shipped singly, or if in packages of three or more securely fastened together and marked, or if in a box, barrel, crate, or other receptacle, the single bottle in the one instance, the three or more bottles in another instance, the barrel, box, crate, or other receptacle, respectively, constitute the original package. If sold or delivered, it must be sold or delivered as shipped and received. If the package be broken after such delivery, it comes within the police regulations of the State, and any sale or delivery in such case is unlawful.

Upon the testimony above outlined and the authorities quoted we conclude that in the present case the pair of boxes tied together for shipment constitute the actual, ordinary, and bona fide unit of transportation, and respond to the term "package" as used in the paragraph in question. The decision of the board is therefore reversed, and reliquidation is ordered accordingly.

*Reversed.*