May Term,
1861.

BRANDON *v.* THE STATE.

BRANDON
v.
THE STATE.

If the title of an original act is sufficient to embrace the provisions contained in an act amendatory thereof, it need not be inquired whether the title of the amendatory act would, of itself, be sufficient.

A provision for the organization and sitting of Courts in new counties is properly connected with the subject of the formation of such counties, and is embraced in the title of the act of *March* 7, 1857, viz., " An act to authorize the formation of new counties," &c.

| 16 | 197 |
| 137 | 561 |
| 16 | 197 |
| 142 | 362 |
| 16 | 197 |
| 148 | 349 |
| 16 | 197 |
| 156 | 699 |
| 16 | 197 |
| 166 | 198 |
| 168 | 568 |
| 16 | 197 |
| f169 | 238 |
| 16 | 197 |
| 171 | 665 |

APPEAL from the *Newton* Circuit Court.

*Saturday,*
*June 1.*

WORDEN, J.—At a term of the *Newton* Circuit Court, commenced on *August* 27, 1860, appointed and held by the Hon. *Charles H. Test*, judge of the twelfth judicial circuit of the State, the appellant was indicted, tried and convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for life.

The only question raised in the case is whether the statute providing for the sitting of the Court is valid. The county of *Newton* had been recently organized, or formed, being taken out of the territory of *Jasper* county, in the twelfth circuit. The tenth section of the amendatory act of 1859, on the subject of new counties, (Acts 1859, p. 63,) provides, among other things, that " the Circuit Court shall be holden in such new county at such times as the presiding judge, in whose circuit the new county may be, shall appoint; and said judge shall have full power and authority to make all necessary orders in relation thereto." The point made is, that the provision above quoted is not within the title of the act, and is therefore void. If the title of the original act is sufficient to embrace the provision in question, it is unnecessary to inquire whether the title of the amendatory act would, of itself, be sufficient. *The State* v. *Bowers*, 14 Ind. 195. The title of the original act is, " An act to authorize the formation of new counties, and to change county boundaries." Acts 1857, p. 25. The constitutional requirement, that " every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title," is sufficiently met, as we think, in this legislation, in

respect to the point here involved. The subject of "the *formation* of new counties," is expressed in the title. This subject being expressed, any "matter properly connected therewith" need not be expressed. We are of opinion that a provision for the organization and sitting of Courts in new counties, is properly and intimately connected with the subject of the formation of such counties. A law for the formation of a new county, if the word "*formation*" has reference merely to the geographical position and boundaries of the county, is evidently imperfect. A dwelling house is incomplete and useless as such, when the frame or walls thereof merely are erected. The internal structure and appointments of the dwelling are properly connected with its erection. So the *organization* of a county as a political body, with officers and Courts, is properly connected with the *formation* of such county. *Vide The State* v. *Adamson*, 14 Ind. 296.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. Mace*, for the appellant.

*J. E. McDonald*, Attorney General, *A. L. Roache* and *John L. Miller*, for the State.