(124 So. 769)

No. 30049.

**STATE v. LOUISIANA COCA-COLA BOT-
TLING CO., Limited.**

Nov. 4, 1929.

Alfred M. Guilbeau, of New Orleans (Edward M. Heath, of New Orleans, of counsel), for appellant.

John May and Harry P. Sneed, both of New Orleans (Blanchard, Goldstein, Walker & O'Quin, of Shreveport, of counsel), for appellee.

OVERTON, J. This is a proceeding by rule, instituted by the state tax collector of the parish of Orleans against the Louisiana Coca-Cola Bottling Company, Limited, to recover peddler's licenses for the years 1926, 1927, and 1928. The defenses urged involve the applicability to defendant of the act, levying the license, the constitutionality of the license levied, and the right to collect a license for each truck used, or the right to collect a license, based on the number of trucks used.

Defendant is a Louisiana corporation, domiciled and doing business in New Orleans, where it is engaged in the manufacture of soft drinks and the sale of the same. The manner in which defendant does business is substantially as follows: Its trucks leave defendant's plant each morning, loaded exclusively with goods of its manufacture, for the purpose of disposing of them. Each truck has a prescribed route, mapped out in advance by defendant, and the driver knows in advance the places at which he is to call, and with some reasonable degree of certainty the quantity of defendant's goods each store or soft drink stand will require. The proprietors of these stores and stands are under no obligation to purchase when the truck calls. It is optional with them whether they purchase or not. The sales are made at a standard price by the drivers, or other employees, accompanying them, from the trucks,

and delivery is made at once. The sales are made for resale, and not for consumption. Some of the trucks are confined to the parish of Orleans, while others go outside of it. In going from store to store, the goods are not exposed for sale, for the obvious reason they are well known to the trade and are of standard quality.

We find it necessary to pass on only one of the defenses urged, and that defense is that the act levying the license, which is an amendatory act, is unconstitutional, because its title is insufficient to give notice of the intention to define the word "peddler," especially by including in the definition the going "from store to store, exposing and selling the merchandise which he carries with him and delivering the same," thereby incorporating in the generally accepted definition of peddler a new class of persons, namely, those selling for resale.

The licenses, which it is the purpose of this proceeding to collect, are licenses levied by section 2 of Act No. 299 of 1926.

The title of the act is: "An act to amend and re-enact the title and sections 18 and 25 of and by adding section 25B to Act 205 of 1924, entitled: 'An act to levy, collect and enforce payment of an annual license tax on all persons, associations of persons, firms and corporations pursuing any trade, profession, vocation, calling or business, in pursuance of section 8 of article X of the Constitution of 1921; prescribing the mode and method in which all persons subject to license . shall make report of their business; providing remedies to enforce compliance therewith; prescribing penalties for making false statements or affidavits in relation thereto; and to repeal conflicting and inconsistent laws.'"

In section 1 of the act, the title of Act 205 of 1924 is amended and re-enacted by repeating its title verbatim, as given above, in giving the title of the amendatory act, except that after the words "section 8 of article X of the Constitution of 1921" is inserted the following clause, namely: "Except manufacturers who sell their manufactured articles direct from their manufacturing plants or warehouses"—thus giving notice of the intention, in the title of the Act of 1924, as amended and re-enacted in the body of the amendatory act, to exclude from license taxation manufacturers who sell their manufactured articles direct from their factories or warehouses.

Section 25 of the Act of 1924, which is one of the sections to be amended, is a section levying a license on various callings, such as carrying on the business of keeping motor vehicles for hire, or conducting an agency for steamboats or steamships, or following the calling of a funeral director, or engaging in the business of posting bills, and on all businesses not provided for in that act, and not otherwise provided for by separate law, except manufacturing, thereby exempting manufacturing from license taxation. The Legislature, in amending and re-enacting section 25 of the Act of 1924, inserted in the paragraph levying licenses on all other businesses except manufacturing, not otherwise provided for, a clause reading as follows: "Provided that manufacturers selling their manufactured articles in any manner other than from their manufacturing plants or warehouses to dealers for resale shall pay licenses as fixed in this Act." Section 3 of Act No. 299 of 1926.

Section 18 of the Act of 1924 is the section of that act, levying licenses on peddlers. It does not undertake to define what a peddler is, but merely levies the license against "each and every peddler or hawker." In amending and re-enacting section 18 the Legislature, in section 2 of the Act of 1926, inserted a clause

defining a peddler as follows: "Provided that any person, who goes from house to house, or place to place, or store to store, exposing and selling the merchandise which he carries with him and delivering the same at the time of or immediately after the sale or without returning to the base of business operation between the taking of the order and the delivery of the goods, otherwise than for advertising purposes, shall be deemed a peddler. * * *"

Section 16 of article 3 of the Constitution of 1921 reads that: "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

It would seem clear enough that, in passing the original act, Act No. 205 of 1924, the Legislature might, under the title given to that act, and repeated in the amendatory act, have defined the word "peddler" as it did in the latter act. However, that is not the question. In the original act the Legislature had levied, in section 18 thereof, the license against peddlers, without seeking to define what should constitute a peddler. The word "peddler," therefore, was to be accepted in its generally accepted sense. It did not then include a person going from store to store, exposing and vending his merchandise, or, to state the same thing otherwise, selling his merchandise, in unbroken packages, for resale, instead of in broken or unbroken packages for consumption; that is, at retail. Webster's New International Dictionary defines the verb "peddle" as follows: "To travel about with wares for sale; to go from place to place, or house to house, retailing goods; as, to peddle without a license." Under the Act of 1924, one going from store to store, selling his goods, would not have been considered a peddler, for the simple reason that he would be one selling for resale and not at retail. Such person would have been liable, if not exempted, either under section 7 of that act for the license prescribed for wholesale dealers, or under the omnibus clause of section 25 thereof, levying a license on all businesses, not otherwise provided for. The question therefore is: May the Legislature, under the title given to the Act of 1926, so extend the generally accepted meaning of the word "peddler" as to include persons conducting business not theretofore included in the particular section amended, the Act of 1926 being an amendatory act, and the original act not including, as peddlers, such persons.

In the case of State v. American Sugar Refining Co., 106 La. 553, 565, 31 So. 181, 186, which was a case involving the attempt to amend a section of the General License Law of 1898 (Act No. 171 of 1898), by including in the section amended a license on the refining of sugar, when no such license was included before in that section, and when the license for that business was included in another section, and no notice of the proposed change was given in the title of the amendatory act, this court, quoting from Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218, said: "An act to amend certain sections of a general law is limited in its scope to the subject-matter of the sections proposed to be amended. In such case the introduction of any new substantive matter not germane or pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not *expressed in the title of the act*, and therefore void. The amendment of an act in general or a particular section of an act ex vi termini implies merely a change of its provisions upon the same subject to which the act or section relates."

In the case of Beary v. Narrau, 113 La.

1034, 37 So. 961, 962, which involved the right of the Legislature under an alleged defective title, to levy a license against those following the occupation or business of selling by sample or by taking orders, by incorporating such persons in the section of the act, levying a license on peddlers, and grading and taxing them as such, this court said: "If the occupation or business of selling by sample or by taking orders was subject to a license tax, it fell within the class of all other business not specially provided, as set forth in section 14 of Act No. 103, p. 166, of 1900. If such occupation did, not fall within the terms of the license statutes enacted prior to 1904, it was a distinct subject-matter for additional legislation. In either event, the title of the act should have set forth the legislative purpose. But the title in question purports to amend only section 12 of Act No. 103, p. 164, of 1900, and therefore is not broad enough to cover section 14, p. 166, of the same act, or any new subject-matter of license taxation. In order to render the amendment germane to the section mentioned in the title, the definition of the words 'peddler or hawker' was extended so as to include drummers selling by sample or taking orders for future delivery; and drummers, like peddlers, were graded according to the particular mode in which they traveled."

Continuing the court said: "Two subjects of legislation cannot be germane where it is necessary to change the meaning of words to place them in the same class or category, and where provisions applicable to the one are incongruous when applied to the other."

In that case, the court then, after observing the ruling made in the case of State v. American Sugar Refining Co., supra, relative to altering the subject-matter of other sections, not expressed in the title, said: "If, in legislating to amend particular sections expressed in the title, the lawmakers cannot alter the subject-matter of other sections not expressed therein, for a stronger reason they cannot ingraft in the sections to be amended provisos on a subject-matter not embraced in any section of the prior act. This would be new legislation, extending the taxing power to other objects, not contemplated in the original act."

In the case before us, the title of the amendatory act of 1926 indicates the intention to amend the title of the original act and also sections 18 and 25 thereof, the former section relating to peddlers and the latter to those occupations concerning which no licenses are elsewhere levied. If we accept as valid the method, adopted by the Legislature, of giving simple notice in the title of the intention to amend the title of the original act, and then of amending it in the body of the amendatory act, instead of indicating the purpose of the amendment in the title thereof, without seeking to amend the title of the original act, what is the result? The original title is amended, so as to give notice of the intention to exempt "manufacturers who sell their manufactured articles direct from their manufacturing plants or warehouses to dealers for resale." No indication whatever is given of the intention to enlarge section 18 by incorporating into it, in defining the word "peddler," those who go from store to store, vending goods, not of their manufacture, unless the intention is possibly indicated in the mere declaration of the purpose to amend sections 18 and 25. Such persons, prior to the passage of the amendatory act, were not considered peddlers, and were not liable for a license as such. They were liable only under section 7 of the act, relative to wholesale dealers, or under section 25, relative to those following occupations, not provided for elsewhere, and likely the latter.

The matter that was to be incorporated in section 18, being, as to that section, new matter, relating to a class, not included in the section, but which was beyond the scope of the section, the mere declaration of intention to amend sections 18 and 25 did not suffice. In our view, so much of section 3 of the Act of 1926 as incorporates in the definition of a peddler the traveling from store to store, exposing and selling his goods, etc., and levying a license upon those so doing, is unconstitutional. This is so by reason of the defective title of the act, which we think, so far as affects that change, fails to comply with the requirements of section 16 of article 3 of the Constitution of 1921. Accepting, for the purposes of this case, the original title, as amended, as the title of the amendatory act, that title, perhaps, is sufficient as to those traveling from store to store, selling the goods manufactured by them. We think, however, that the entire part of the definition, just declared by us to be unconstitutional, must fall, because it is manifest that the Legislature had no intention that those who travel from store to store, selling the goods manufactured by them, should be subjected to license taxation as peddlers, when those who so travel, but who sell goods purchased by them, perhaps the very kind manufactured by the other class, would not be required to pay licenses. The reason why the Legislature amended section 25 was, not to single manufacturers out as peddlers, who travel from store to store, and sell their manufactured goods, but to modify the exemption, accorded them by the original section, so as to include them with others selling goods purchased by them in that manner. A person has a right to attack a part of a section of an act, not directly affecting him as unconstitutional, when, to have that part declared

unconstitutional, the part affecting him must fall with it.

For the reasons assigned, the judgment appealed from is affirmed.

LAND and ROGERS, JJ., dissent.