145 So. 682

**SOUTHERN HIDE CO., Inc., v. BEST et al.**

No. 31307.

Nov. 28, 1932.

Rehearing Denied Jan. 3, 1933.

Crain & Johnston and Jackson & Smith, all of Shreveport, for appellant.

Joseph H. Levy, of Shreveport, for appellees.

OVERTON, J.

Mrs. Ruby L. Best, individually, and as tutrix, and the succession of W. C. Best are minority stockholders of the Southern Hide Company, Inc. As such they filed a petition, praying that a receiver be appointed to take charge of the affairs of that company. The company, in order to protect itself, appeared and demanded, under Act No. 117 of 1916, that Mrs. Best and her coplaintiffs furnish a bond to reimburse it for its costs, attorney's fees,

and disbursements, should the demand for a receiver be rejected. The court granted the demand for bond, and two bonds, aggregating $2,500, were furnished by Mrs. Best and her coplaintiffs, pursuant to the orders of court. The demand for the appointment of a receiver, in due course, was tried and rejected, and, upon appeal to this court, the judgment of the district court was affirmed. Best v. Southern Hide Company, 170 La. 997, 129 So. 614.

Shortly after the affirmance of the judgment of the district court, rejecting the demand for the appointment of a receiver, the Southern Hide Company, Inc., instituted the present suit to recover its attorney's fees, and other expenses, consisting of auditor's fees, expenses to New Orleans to argue the case before this court, and the costs of printing the briefs, aggregating $2,272.65, incurred in defending the suit, together with legal interest thereon and 10 per cent. attorney's fees. The suit is instituted on the bonds against the principals and the surety.

The defendants in the case appeared and pleaded the unconstitutionality of Act No. 117 of 1916, amending and re-enacting section 2 of Act No. 159 of 1898 on the ground that the new matter incorporated in the act of 1898 by it is not indicated in the title of the amendatory act. This plea was sustained by the trial court, and the bonds, upon which the suit rests, were accordingly declared null and void, and plaintiff's suit dismissed.

The appointment of receivers in this state is governed by Act No. 159 of 1898, as amended by Act No. 199 of 1914, by Act No. 117 of 1916, and by Act No. 7 of 1926. The title of the original act, that is, Act No. 159 of 1898, is: "An Act To authorize and regulate the practice of appointing receivers of corporations under Article 109 and 133 of the Constitution."

Since Act No. 117 of 1916 purports to amend and re-enact section 2 of Act No. 159 of 1898, it is necessary to ascertain what section 2 thereof contained before it was amended and re-enacted, in order to determine what new matter, and its nature, was inserted by the act of 1916 in it. Section 2 of the act of 1898, when adopted, read as follows:

"That application for appointment of a receiver shall be made by petition addressed to the district court of the domicile of the corporation, and if a foreign corporation, at its designated domicile if it has one, or if it has not designated a domicile then where any of its property is situated. Such petition shall be verified by the affidavit of the plaintiff or plaintiffs, or any of them, or by his or their attorney-at-law, or in fact, in case such plaintiff or plaintiffs are absent from the State, the court shall cause a copy of the petition together with an order to be served on the corporation requiring it to show cause on a day fixed (not less than 10 days from the date of such order, unless circumstances shown require in the judgment of the court a shorter delay) and such application shall be heard and determined by the court in a summary manner in term time or vacation, and without the intervention of a jury."

The title of Act No. 117 of 1916 is: "An Act To amend and re-enact Section two of Act No. 159 of the General Assembly of 1898, being an act to authorize and regulate the practice of appointing receivers of corporations under Articles 109 and 133 of the Constitution of Louisiana."

The first part of section 2 of Act No. 117 of 1916 (page 253) is identical, in words and substance, with section 2 of the original act, which it purports to amend and re-enact, quoted supra. Immediately following the words of the original section 2, provisions, which constitute new matter, are inserted to the effect that whenever a stockholder petitions for the appointment of a receiver, under the provisions of paragraphs 1, 2, 3, and 11 of section 1 of the act of 1898, and the court appoints, at the instance of the stockholder, a receiver on any of the grounds stated in those paragraphs, the court shall make a reasonable allowance to the attorneys employed by the stockholder to secure the receivership, the allowance thus made to be taxed as costs and paid out of the corporate assets, and to be reimbursed to the corporation eventually by the stockholders whose acts were responsible for the appointment of a receiver, and also an allowance in behalf of the stockholder, securing the appointment of a receiver, of all of his other legitimate costs and disbursements, incident to the proceedings, to be paid out of the corporate assets, and to be reimbursed, in due course, to the corporation by the stockholders whose acts, under the aforesaid paragraphs, caused the appointment of a receiver. Following these provisions, there appears, without other insertion, the following new matter, which is particularly pertinent to the present case, to wit:

"Provided, that if the minority stockholder or stockholders shall unsuccessfully prosecute their cause for the appointment of a receiver, he or they shall not only be condemned to pay the cost of the proceedings, but shall be further condemned to pay reasonable counsel fees, and other reasonable expenses to the corporation or the stockholders on whose action, joint or several, the complaining stockholder bases his claim for relief, and those made the defendants in the cause for the appointment of a Receiver, may demand a reasonable bond to protect them for their costs, attorney's fees and disbursements."

■■ The act of 1916 was adopted under the Constitution of 1913. Article 31 of that Constitution, as did the same numbered article in the Constitution of 1898, provided that: "Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

It is not the purpose of this article to require that the title be an index to the contents of the act, or that every end and means convenient or necessary for the accomplishment of the general object of the act be set out at length in the title, but it is deemed sufficient, under the article, that the act contain but one object and that the object be fairly stated, although it be expressed in general terms, in the title of the act. All things proper or necessary to carry out the general object, so stated in the title, are deemed to be within the scope of the title. Thornhill v. Wear, 131 La. 479, 59 So. 909; State v. Hincy, 130 La. 620, 58 So. 411; Succession of Lanzetti, 9 La. Ann. 329.

Under these authorities—and others might be cited to the same effect—the new matter inserted in section 2 of the act of 1898, by the act of 1916, might have been included, under the title of the act of 1898, in the act to which that title is attached. Section 2 of the original act, which the act of 1916 purports to amend and re-enact, is upon the subject-matter of the procedure to be followed for the ap-

pointment of a receiver and the manner of disposing of the application.

The title of the amendatory act, namely, Act No. 117 of 1916, is, as has been said, an act to amend and re-enact section 2 of Act No. 159 of 1898, reciting substantially, and almost literally, the title of the act of 1898. This title is sufficient to incorporate the new matter, contained in the amendatory act, into section 2 of the original act, that is, in Act No. 159 of 1898, provided the new matter is germane to the subject of section 2 of the original act, otherwise the title is not sufficient. Thus, it was said in Hyman v. State, 87 Tenn. 109, 9 S. W. 372, 1 L. R. A. 497, through Justice Lurton of the Supreme Court of Tennessee, who later ascended the Supreme Bench of the United States, that:

"The title to the amendatory act [referring to the act before the court] in no way indicates the character of the amendment beyond a correct recital of the title of the act amended. It is not, however, important that the title of an amendatory act shall do more than recite the title or substance of the act amended, provided the amendment is germane to the subject of the original act, and is embraced within the title of such amended act. In other words, if the title of the original act is sufficient to embrace the matters covered by the amendment, it is unnecessary that the title of the amendatory act should of itself be sufficient. State v. Bowers, 14 Ind. 195; Brandon v. State, 16 Ind. 197; Morford v. Unger, 8 Iowa, 82." See, also, State ex rel. v. Algood, 87 Tenn. 163, 10 S. W. 310.

In State v. American Sugar Refining Company, 106 La. 553, 565, 31 So. 181, 186, in which the court found that the new matter was not

germane to the subject-matter of the section amended, it was said, quoting from Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218, that:

"An act to amend certain sections of a general law is limited in its scope to the subject-matter of the sections proposed to be amended. In such case the introduction of any new substantive matter not germane or pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not expressed in the title of the act, and therefore void. The amendment of an act in general or a particular section of an act ex vi termini implies merely a change of its provisions upon the same subject to which the act or section relates."

From this ruling it follows that, where the new matter is germane to the subject-matter of the act or section it is proposed to amend and re-enact, the title of the amendatory act suffices, where the new matter could have been incorporated in the original act, in the first instance, under its title, when the new act is simply to amend and re-enact a given act or section thereof, and recites the title of the act to be amended.

Since the new matter could have been incorporated, in the first instance, in the original act, under its title, the question presented, from what we have said, concerning the character of the matter that may be inserted in the amendatory act, narrows itself down to this: Is the new matter, contained in the amendatory act, germane to the subject-matter of section 2 of the original act?

Section 2 of the original act, as has been shown, is upon the subject-matter of the pro-

cedure to be used in applying for the appointment of a receiver and the manner of disposing of the application for the appointment. The new matter added by the amendatory act to section 2 of the original act, as has been shown, grants to the stockholder, who applies successfully for a receiver, his outlay for reasonable attorney's fees and other disbursements, incident to the application, to be paid by the corporation, the corporation to reimburse itself from the stockholders whose acts brought about the receivership, and grants to the corporation, which is the important point here, the right to collect its attorney's fees, up to a reasonable amount, and its expenditures, incident to the defence of the suit, from the stockholder, who is unsuccessful in provoking a receivership, and the right to demand a reasonable bond to protect it for such disbursements and attorney's fees.

. In our opinion the new matter is germane to the subject-matter of section 2 of the original act. It relates to matter incident to the matter of the original section and is closely connected therewith—so much so that one, reading the title of the amendatory act, should not be surprised upon finding, among other things, some such provisions.

The cases of State v. American Sugar Refining Co., 106 La. 553, 554, 31 So. 181; Beary v. Narrau, 113 La. 1034, 1038, 37 So. 961; State v. Tolman, 124 La. 630, 50 So. 607, 134 Am. St. Rep. 514; State v. Boylston, 138 La. 21, 69 So. 860; State v. Louisiana Coca-Cola Bottling Co., 169 La. 167, 124 So. 769, cited by defendant, are, in our view, not pertinent here. The same principles, it is true, that are found to be pertinent here were found to be pertinent there, but the difference between those cases and the present case is that in

them the new matter to be incorporated in the sections to be amended was found to be clearly, and we think correctly so, not germane to the subject-matter of the original sections, whereas, in the present case, the new matter is found to be germane to the subject-matter of the section to be amended.

Our conclusion is that the trial judge erred in sustaining the plea of unconstitutionality.

For these reasons, the judgment appealed from is set aside, and judgment is now rendered overruling the plea of unconstitutionality, and the case is remanded to be proceeded with according to law; defendants to pay the costs of this appeal, the remaining costs to await the final determination of the case.