170 So.2d 855

**A. & M. PEST CONTROL SERVICE, INC.**

v.

**Nelson LaBURRE.**

No. 47350.

Jan. 18, 1965.

Albert B. Koorie, New Orleans, for defendant-appellant.

Baldwin, Haspel, Molony, Rainold & Meyer, Conrad Meyer III, Jerry C. Paradis, New Orleans, for plaintiff-appellee.

SUMMERS, Justice.

This suit for an injunction was brought by A. & M. Pest Control Service, Inc. against one of its former employees, Nelson LaBurre, seeking to prohibit him from violating the conditions of an employment contract in which he agreed that upon termination of his employment he would not solicit customers serviced by him while in plaintiff's employ. LaBurre filed an exception contending that the contract which

plaintiff sought to enforce was repugnant to LSA–R.S. 40:1270, subd. B and as such contrary to public policy. That section prohibits contracts, between the pest control operator and its employees, which have the effect of restraining competition. Upon the trial of the rule for a preliminary injunction, the trial court agreed with this contention and denied injunctive relief. However, upon application for a new trial on that rule plaintiff contended that LSA–R.S. 40:1270, subd. B was unconstitutional because its body was broader than its title, contrary to Article III, Section 16 of the Louisiana Constitution of 1921, LSA. A special plea was filed to this effect. The application was granted and the trial court then declared LSA–R.S. 40:1270 subd. B unconstitutional and granted the preliminary injunction. This appeal followed.

Defendant LaBurre was employed by plaintiff as a route or service man. On January 24, 1963, plaintiff and the defendant employee executed an agreement which provided that the employee LaBurre would at no time during the term of his employment, or for a period of two years immediately following the termination of his employment, whether voluntary or involuntary, either for himself or for others, call upon any customer of his employer, solicited or contacted by the employee or whose account was serviced by the employee during his employment with plaintiff, for the purpose of soliciting, or selling any pest control service for the eradication or control of rats, mice, roaches, bugs, vermin, etc., further agreeing not to take away any business, or patronage of any such customer.

LaBurre voluntarily terminated his employment with plaintiff on December 31, 1963. He then became employed by a competitor in the pest control business and immediately solicited the business of persons whom he formerly served while employed with plaintiff, some of whom gave him their business, all in direct violation of his agreement with plaintiff. This provoked plaintiff's suit on January 6, 1964, in which it sought an injunction to prohibit the continued violation of the contract, reserving its right to recover damages.

If we would avoid the constitutional issue presented it is necessary that we find that the employment contract is not contrary to LSA–R.S. 40:1270, subd. B as written. Such a finding would relieve us of the necessity of determining the constitutionality of LSA–R.S. 40:1270, subd. B, for that enactment, under these circumstances, would have no application to this litigation. But we cannot resolve this controversy on that basis because LSA–R.S. 40:1270, subd. B does prohibit the contract entered into by plaintiff and defendant when it declares: "No licensed pest control operator shall require any of his employees to execute any written employment contract stipulating, or to bind said employee in any way to, a negative covenant which would prohibit

or restrain the employee from engaging in similar work with any other operator upon said employee's resignation or discharge * * *."

██ However, plaintiff, relying upon the legal principle—which we recognize—that a statute which limits or restrains freedom of contract must be strictly construed, argues that the employee has only agreed in the contract not to solicit or sell services to the customers whom he serviced or had contacted pursuant to his employment with plaintiff. Thus it is contended, when plaintiff seeks to restrain him from doing this, it does not seek to "prohibit or restrain the employee from engaging in similar work with any other operator" but only seeks to restrain the soliciting, etc., of plaintiff's customers. Therefore, neither the conditions of the contract nor the relief sought is contrary to LSA–R.S. 40:1270, subd. B, because the employee can still work with another operator so long as he does not solicit or take away plaintiff's customers.

██ We cannot agree with this contention. Although the contractual prohibition may be limited to certain customers of the plaintiff, it none the less does contain a negative covenant which prohibits or restrains the employee insofar as plaintiff's customers are concerned from engaging in similar work with another operator. The section (LSA–R.S. 40:1270, subd. B) does not require that the restraint be all encompassing. It is sufficient that the restraint

is agreed upon and that it does limit the competitive activities of the employee.

Having reached this result we have presented squarely for decision the contention that LSA–R.S. 40:1270, subd. B is violative of Article III, Section 16 of the constitution in that its title is not indicative of its object.

At the time of the adoption of the Revised Statutes of 1950, LSA–R.S. 40:1270, subd. B, originally enacted as Act 124 of 1942, read as follows:

"LSA–R.S. 40:1270 Reporting termite control contracts

"Every licensed pest control operator shall report to the commission, within ten days after the end of each month, each termite control contract which he has entered into and performed during the month immediately preceding."

By Act 312 of 1958, the legislature amended the above section of the revised statute. The title of the 1958 Act read: "An Act to amend and re-enact Section 1270 Title 40 of the Louisiana Revised Statutes of 1950, relative to reporting termite control contracts." The above-quoted language of LSA–R.S. 40:1270 was by that amendment lettered "A" and a new paragraph lettered "B" was added providing:

"No licensed pest control operator shall require any of his employees to execute any written employment contract containing, or to bind said employee in any way to, a negative covenant which

would prohibit or restrain said employee from engaging in similar work with any other operator upon said employee's resignation or discharge from his job with the said employer operator, nor shall said employer operator by contract or otherwise prevent said employee upon securing a pest control operator's license of his own from engaging in the business of pest control operator as defined by this act in competition with said employer operator. The purpose of this Section is to prohibit pest control operators from attempting to avoid competition by execution of such private contracts."

Act 340 of 1960 was then enacted providing in pertinent part as follows:

"An Act to amend and re-enact Sections * * * 1270 * * * of Title 40 of the Louisiana Revised Statutes of 1950, relative to structural pest control (Non-agricultural pest control.)

"Be it enacted by the Legislature of Louisiana:

"Section 1. Sections * * * 1270 * * * of Title 40 of the Revised Statutes of Louisiana of 1950, are hereby amended and re-enacted to read as follows: * * *

"§ 1270. Reporting termite control contracts; competition." (Hereafter

follows the language of paragraphs "A" and "B" which have been quoted above.)

The title-body clause of the constitution invoked by plaintiff provides that "[e]very law enacted by the legislature shall embrace but one object, and shall have a title indicative of such object." La.Const. of 1921, art. 3, § 16.

■   The primary object of this constitutional requirement is to give the legislature and the public fair notice of the scope of the legislation. It is designed to defeat deceitful, mysterious and misleading practices of entrapping the legislature into the passage of provisions unrelated to and not intimated by the title of the bill. This objective, when enforced, insures that the titling of the legislative act will be drawn in such a manner that it will give reasonable notice of the purview to the members of the legislature and the public.[1]

■   This principle of law applies alike to titles of amendatory acts as well as to original legislation. State v. American Sugar Refining Company, 106 La. 553, 31 So. 181 (1901). See also State v. Louisiana Oil Refining Corp., 181 La. 659, 160 So. 290 (1935).

■■   And when an act seeks to amend certain sections of a general law by simple

---

1. 8 La.Law Rev. 113 (1947).

reference to the section to be amended, the amendment must be limited in its scope to the subject matter of the sections proposed to be amended. Any effort to introduce any new substantive matter not germane or pertinent to that contained in the original section cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not expressed in the title of the act. The mere reference to the section to be amended in the title of the amendatory act implies that the proposed change will relate to the same subject as the section sought to be amended. State v. American Sugar Refining Company, supra.

■ What is germane is that which is in close relationship, appropriate, relevant, or pertinent to the general subject, and no portion of a bill not germane to the general subject of the title or the content of a section of a general law which is being amended by reference to the section number only can be given the force of law. 3 Sutherland, Statutes and Statutory Construction § 1711 (1943).

■ To determine whether matter is germane to the subject matter of the act or section sought to be amended inquiry should be made to determine whether the new matter could have been incorporated in the original act, in the first instance, under its title. Southern Hide Co. v. Best, 176 La. 347, 145 So. 682 (1933).

So, in this case, we must look to the body of the amendatory act to determine whether the particular part in controversy is germane to the content of the section sought to be amended. State v. Morton, 182 La. 887, 162 So. 718 (1935).

■ LSA–R.S. 40:1270 as originally enacted dealt only with the obligation of every licensed pest control operator to report monthly to the commission each termite control contract executed and performed during the preceding month. It is clear that neither of the quoted titles gives any indication that a paragraph dealing with the new and totally unrelated subject matter of employment contracts was being added to the section. That a provision prohibiting certain types of employment contracts between employers and employees in the pest control business is completely unrelated to a merely procedural paragraph requiring monthly reports of termite control contracts is hardly open to argument. The provision of the amendatory act (LSA–R.S. 40:1270, subd. B) prohibiting employer-employee contracts which attempt to avoid competition is substantive in nature and entirely foreign to the original content of the section which is procedural and deals with the requirement for reporting contracts performed by the pest control operator in the preceding month. The latter gives no indication of the former nor do the titles of the 1958 Act and the 1960 Act give any indication of the amendatory matter. By the amendatory

acts two unrelated subjects are placed under the section sought to be amended. The conclusion must be that Act 312 of 1958 and Act 340 of 1960 are unconstitutional insofar as they sought to add LSA–R.S. 40:1270, subd. B to LSA–R.S. 40:1270.

The issue of the constitutionality of LSA–R.S. 40:1270, subd. B was raised by way of special plea in the trial court on application for a new trial on the rule for a preliminary injunction. The new trial was granted and the preliminary injunction was granted. The case, therefore, is still pending on its merits and is remanded for further proceeding in accordance with the views expressed herein. Costs in this court to be paid by appellant, all other costs to await final determination of this cause.